## AUTHORITY TO MANAGE THROUGH A CORPORATION INVESTMENTS IN REAL ESTATE HELD IN TRUST.

Common Pleas Court of Hamilton County.

GIRARD TRUST COMPANY, TRUSTEE, V. LELA A. ANSON ET AL.

Decided, June, 1925.

*Wills—Construction of Provision Relating to Management of Real Property—Conveyance Authorized to a Corporation of all Lands held in Trust—Trustee to Retain all the Stock of said Corporation—More Efficient Management thus Assured while Partition will be Prevented and Expenditures for Improvements become Possible and Returns to the Beneficiaries may be Increased.*

Where title to an undivided interest in real estate is held by a trustee under a will giving him a general power to "keep invested and manage according to his discretion all the residue of my estate, real and personal," and authorizing a sale of real estate so held but not expressly authorizing the expenditure of money necessary to develop the real estate to the point where it will yield a maximum return, and where partition and sale would result in loss to those beneficially interested, and it appearing that the land could be held and managed in the most efficient and practical manner by a corporation organized for that purpose, the court will construe the will as authorizing the trustee together with the other co-tenants, to convey the land to a corporation so organized, receiving in return all the capital stock in the corporation to hold as trustee for all the co-tenants according to their respective interests.

*Saul, Ewing, Remick & Saul*, attorneys for plaintiff.

*Starbuck Smith*, attorney for Lela A. Anson, Alexandra E. Moore, John E. Emery, Thomas Emery, Lela Emery and Audrey Emery.

*John B. Hollister*, guardian ad litem for Alexander Moore.

*Frank K. Bowman*, City Solicitor and *Nathaniel H. Maxwell*, Assistant City Solicitor for the University of Cincinnati.

HOFFMAN, J.

The petition was filed in the above case asking the Court for a construction of the will of John J. Emery, deceased; and particularly for a construction of that clause of the will relating to the powers of the trustee appointed thereunder, and as to

the right of said trustee under said will to convey all of the undivided interest of the said John J. Emery in and to the real estate of which he died seized.

John J. Emery died on the 5th day of December, 1908, a resident of Bar Harbor, Maine, leaving a last will and testament which was probated by the Probate Court of the county of Hancock, state of Maine, on the 4th day of November, 1908. This will was duly recorded in volume 109, page 406 of the record of wills in the Probate Court of Hamilton county, Ohio, in which county the larger part of said real estate is located.

The plaintiff, the Girard Trust Company, was and is the duly appointed and acting executor and trustee under said will. The testator was survived by his widow, Lela A. Emery, now Lela A. Anson, and five children, to-wit: Alexandra Emery, now Alexandra E. Moore, Thomas Emery, John J. Emery, Jr., Lela Emery and Audrey Emery. All of said children are living, and one of said children, Alexandra E. Moore, has one child, Alexander Moore, a minor born August 3, 1923.

In and by said will the said John J. Emery devised and bequeathed his entire residuary estate to the Girard Trust Company in trust for the purposes set forth in said will.

The said Lela A. Emery, widow of said testator John J. Emery, now Lela A. Anson, declined to accept the provision made for her in said will, claiming her right in said property as said widow in accordance with the law of the state of Maine. which was one-third interest for life in the undivided interest of said John J. Emery. The said Lela A. Anson has since conveyed all her right, title and interest in said real estate to the Girard Trust Company by deed of trust.

Mary M. Emery, the widow of Thomas Emery, deceased, brother of John J. Emery, owned an equal undivided interest in said real estate, and the major portion of said interest of the said Mary M. Emery, together with all the parties hereto who are *sui juris,* have agreed to convey all their right, title and interest in said real estate to a corporation formed by them known as Thomas Emery's Sons, Incorporated, of the state of Delaware, and have agreed, provided the construction

of the said will will permit, upon conveyance of said real estate to said corporation, that the said Girard Trust Company shall hold as trustee for all of said parties in accordance with their respective interests, all of the stock of said corporation, one-third however, of said stock to be held by said trustee in accordance with the deed of trust of said Lela A. Anson, during her life, with remainder upon her death to the said Girard Trust Company, as trustee.

The real estate of which said John J. Emery died seized of an undivided interest therein, is situated in the cities of Cincinnati, Ohio, Covington, Kentucky, Kansas City, Missouri, and Chicago, Illinois.

The plaintiff states that said properties are of such a nature that for their proper development the expenditure of considerable sums of money is necessary to put them in condition to bring maximum return of income to the life tenants, but that under a strict construction of the will the said trustee has not the right to expend the necessary money for these purposes, but has only the power to dispose of them which would result in loss to those who will ultimately be interested in the remainder; that a great part of said property is subject to outstanding leases containing options or obligations to purchase them; that a part of said property, will, under the contracts already entered into, be subject to liens and incumbrances such as mortgages, ground rents, restrictions, etc.; that the shares of stock to be issued by said corporation to said trustee will represent the actual value of the real estate now held by said trustee the Girard Trust Company, and that the purpose of conveyance of said real estate to said corporation, the stock of which is to be held by said trustee, is to prevent a partition of said real estate which can not be advantageously done, and to prevent the sale of said property at the present time with resultant loss to those who are beneficially interested; that on account of the property being located in different states it can not be managed to the best advantage under the present arrangement.

The particular clause upon which the construction of this Court is requested, is as follows:

(In paragraph 22 of the will.) "Exclusive of the sums set apart in special trusts for my children, I direct my trustee to hold, invest and to keep invested and manage according to his discretion and judgment all the remaining rest and residue of my estate both real and personal with authority to change investments when in his judgment necessary and expedient, and to sell and convey real estate to any part thereof, and to execute and deliver proper conveyances thereof, and no purchaser shall be required to see to the application of the purchase money. I authorize and empower my trustee to retain any part of the residuary estate hereby devised or bequeathed, in the form or manner of investment in which it shall be transferred to said trustee by the executor thereof, or he may from time to time sell at his discretion, though my desire is that the investments shall not be changed except my trustee shall deem such change essential to the protection and preservation of my estate from loss. He may reinvest in securities other than those known as "legal securities", my preference being for those investments sanctioned by the laws of New York or Pennsylvania for the investment of trust funds, but my desire being to allow my trustee to use wise discretion in obtaining for my estate a proper rate of income from safe securities that may yield a larger return than that returned by investments to which trustees are ordinarily limited by law. My trustee shall not retain cash from any source exceeding twenty thousand dollars, more than thirty days, without he-investing."

In order that the trustee might ascertain its rights and powers and have a construction of said will by the court having original jurisdiction and which appointed said trustee, a petition substantially similar to the petition filed in Hamilton county, was presented to the Probate Court of Hancock county, Maine, whereupon a decree was entered dated the 10th day of March, 1925, authorizing and approving the proposed conveyance to the said corporation, Thomas Emery's Sons, Incorporated, and giving specifically the said trustee the right to receive and hold the entire capital stock of the said corporation in accordance with the terms of the said will of the said John J. Emery, and the said deed of trust made to Lela A. Emery.

The Court is of the opinion that it was the purpose and intent of the said John J. Emery that his said estate be managed

by said trustee in the most economical, efficient and practical manner, and that a wide latitude of discretion was given to it in the management of said property; that said property should be conserved in the best possible way for the benefit of his heirs so that the profits and income from said property would be secured to said heirs.

The transfer of said property to the said corporation by said trustee will more certainly accomplish this purpose.

The said transfer, though in the form of a sale, is only a transfer of title to a corporation for the purpose of convenience in making sales and in managing the property, the sole assets of said corporation being the real estate belonging to the testator at the time of his decease, and being given in exchange therefor shares of the capital stock of the corporation which shall be of the actual value of said real estate. The trustee having the title to all of the shares of stock, the stock will represent and be the value of the land itself.

The Court is of the opinion that by this plan a greater convenience in making sales and in managing the property will be had without any substantial interest being affected or changed. In coming to this conclusion, we are following the judgment of the Court involving the same issues decided by the Probate Court of Hancock county, Maine, and a decision by the Supreme Court of the state of Rhode Island, *Petition of Sprague et al,* 22 R. I., 413, in which under a similar provision in a will the Court construed said provision giving the right to the trustee to make such transfer.

The prayer of the plaintiff is therefore granted and a decree may be drawn accordingly.